

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00041-CR

**THE STATE OF TEXAS,**

                                                    **Appellant**

 **v.**

**ELIZABETH ANN BERRY,**

                                                    **Appellee**

_____

### From the County Court at Law No. 1
### Johnson County, Texas
### Trial Court No. M200802222

_____

## MEMORANDUM  OPINION

_____

Elizabeth Ann Berry was charged with driving while intoxicated.  TEX. PENAL CODE ANN. § 49.04(c) (Vernon 2003).  Berry filed a motion to suppress the blood test results because, she argued, the warrant issued for the blood draw was not based on sufficient reasonable suspicion or probable cause.  The trial court granted the motion to suppress and the State appealed.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp. 2008).  Because we have no jurisdiction of this appeal, it is dismissed.

At first glance, it appears that the State timely filed a sufficient notice of appeal within 20 days from the date the trial court entered its ruling on the motion to suppress.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a) & (d) (Vernon Supp. 2008).  However,

Berry alleges in a motion to dismiss the State's appeal filed in this Court that an assistant County Attorney rather than the elected County Attorney "made" the State's appeal in violation of article 44.01 of the Texas Code of Criminal Procedure. Thus, Berry argues, the State failed to properly perfect its appeal and this Court has no jurisdiction of the appeal. The State argues in response that the language used in the notice of appeal, "…by and through her County Attorney/Assistant County Attorney,…," is sufficient to satisfy article 44.01. We disagree with the State.

It has been long held that "[a]rticle 44.01 requires the elected 'prosecuting attorney' (and not his assistant) to 'make' the State's notice of appeal, within the prescribed fifteen-day time period [now a 20 day time period under the statute], either through the physical act of signing the notice or by personally and expressly authorizing an assistant to file a specific notice of appeal on his behalf." *State v. Muller*, 829 S.W.2d 805, 811-812 (Tex. Crim. App. 1992). The Court of Criminal Appeals has further held that

> Whenever a question is legitimately raised concerning the prosecuting attorney's personal authorization of a State's appeal, the State bears the burden of proving that the appeal in question was personally, expressly and specifically authorized by the prosecuting attorney. Thus, the appellate record must clearly reflect the prosecuting attorney's personal authorization of the specific notice of appeal filed in a given case. Without a signature or other written expressed authorization, as reflected in the appellate record, there would be no guarantee that the only person permitted by statute to make an appeal on behalf of the State actually participated in the process. Evidence of a general delegation of authority to an assistant does not qualify under the statute.

*Id*. at 810 n. 6.

Berry raised a legitimate question concerning the elected County Attorney's personal authorization of the State's appeal in this case. And there is nothing in the

record to clearly reflect that the elected County Attorney of Johnson County gave his personal authorization to file the notice of appeal. Further, a statement such as presented in this case that the appeal is taken "by and through her County Attorney/Assistant County Attorney" is not, by itself, sufficient to fulfill the requirement of the statute, "as it gives no assurance that the prosecuting attorney has performed the safeguard function demanded by a plain reading of the statute." *Id*. at 811.

Although the notice of appeal filed by the State appeared to be timely, the notice was not personally authorized by the elected County Attorney of Johnson County. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a) & (d) (Vernon Supp. 2008). Thus, by the time the twenty-day period to file the notice of appeal had run, the State had not complied with the provisions of article 44.01 in its entirety. Accordingly, we have no jurisdiction to review the merits of the State's appeal. *See Muller*, 829 S.W.2d at 813.

Berry's motion to dismiss is granted, and the State's appeal is dismissed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Motion granted
Appeal dismissed
Opinion delivered and filed July 22, 2009
Do not publish
[CR25]